**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GPMI Company, | No. CV-21-00299-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Michelin Lifestyle Limited, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Application for Withdrawal of Counsel for Plaintiff (Doc. 36), Plaintiff's Notice of Limited Scope Representation, Notice of Bankruptcy, and Motion to Extend Time for Plaintiff to Amend its Complaint (Doc. 37) and Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion to Extend Time For Plaintiff to Amend Its Complaint (Doc. 38).  For the following reasons, both motions are granted.

**I.    Application for Withdrawal**

Counsel for Plaintiff moved the Court for permission to withdraw from the representation on March 8, 2022.  (Doc. 36.)  No opposition to the motion has been filed to date by either Defendant or Plaintiff.  The Court finds that the motion should be granted pursuant to LRCiv 83.3(b)(2) and Rule 1.16 of the Arizona Rules of Professional Conduct.

**II.    Motion to Extend Time**

Because "a corporation or a partnership or any other type of unincorporated association may only appear in federal court through a licensed attorney," Plaintiff must

retain a licensed attorney to represent it further in this action. *Perkons v. Am. Acceptance, LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 2757244, at *1 (D. Ariz. July 12, 2010). To that end, Plaintiff's general counsel has entered a limited scope appearance in this case. (Doc. 37 at 1.) Through its general counsel, Plaintiff represents that it has filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code, and that it must seek permission from the United States Bankruptcy Court for the District of Arizona to retain litigation counsel to further represent it in this case.[1] (Doc. 37 at 2); *see* 11 U.S.C.§§ 327, 1103; *see In re GPMI, Co.*, No. 22-bk-00150-EPB (Bankr. D. Ariz. Jan. 10, 2022), ECF No. 1.

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may grant an extension of time for "good cause" when the moving party requests the extension before the applicable deadline expires. *Id.* Rule 6(b), like all Federal Rules of Civil Procedures must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting Fed. R. Civ. P. 1). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

The Court finds good cause exists to grant Plaintiff's Motion to Extend Time for Plaintiff to Amend its Complaint. (Doc. 37 at 2.) Plaintiff filed its Motion within two weeks of its prior counsel filing their Motion to Withdraw and has explained that it must seek approval from the Bankruptcy Court before it may retain new counsel to prosecute its case. Given the added complexities that parallel bankruptcy proceedings introduce into the

---

[1] Because Plaintiff is the debtor in the underlying bankruptcy petition, the automatic bankruptcy stay does not apply. 11 U.S.C. § 362(a)(1) (providing for automatic stay of proceeding for judicial proceedings "against the debtor"); *White v. City of Santee (In re White)*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995) ("The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy."); *see also Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 337 (B.A.P. 9th Cir. 1994); *Eisinger v. Way (In re Way)*, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998).

decision to retain new counsel, an extension is appropriate. Nor does the record indicate that Plaintiff has acted in bad faith in requesting the extension, or that the remaining defendant in this case will be prejudiced by granting Plaintiff additional time to amend its complaint. Consequently, the deadline for Plaintiff to file an amended complaint is extended to Tuesday, July 5, 2022. *See* Fed. R. Civ. P. 6(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Withdrawal of Counsel for Plaintiff (Doc. 36) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Limited Scope Representation, Notice of Bankruptcy, and Motion to Extend Time for Plaintiff to Amend its Complaint (Doc. 37) is **GRANTED.** The deadline for Plaintiff to file an amended complaint is extended to **Tuesday, July 5, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion to Extend Time for Plaintiff to Amend Its Complaint (Doc. 38) is **GRANTED**.

Dated this 30th day of March, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge