1   **WO**
2
3
4
5
6               **IN THE UNITED STATES DISTRICT COURT**
7               **FOR THE DISTRICT OF ARIZONA**
8
9   GPMI Company,                          No. CV-21-00299-PHX-GMS
10                Plaintiff,               **ORDER**
11  v.
12  Michelin Lifestyle Limited, et al.,
13                Defendants.
14
15
16          Pending before this Court is Michelin North America, Inc.'s ("Defendant" or
17  "MNA") Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) for Lack of
18  Personal Jurisdiction (Doc. 45).  For the following reasons, Defendant's motion is denied.
19                          **BACKGROUND**
20          This is the second Motion to Dismiss in this matter, this Court having first granted
21  dismissal March 3, 2022, with leave to amend.  (Doc. 35).  GPMI ("Plaintiff") is a
22  corporation registered in, and with its principal place of business in, Arizona.  (Doc. 42
23  at 2).  GPMI partners with corporate brands to develop products that GPMI "produces,
24  distributes, and sells pursuant to a licensing agreement."  (Doc. 42 at 3).  MNA is a
25  corporation registered in New York with its principal place of business in South Carolina.
26  (Doc. 42 at 2).  Michelin Lifestyle Ltd. ("MLL") is incorporated in the United Kingdom
27  and was originally a named defendant in this matter before being terminated pursuant to a
28  Motion to Dismiss granted by this Court.  (Doc. 42 at 2; Doc. 35).

In 2017, Plaintiff and MLL entered into a licensing agreement allowing Plaintiff to manufacture and distribute a Michelin-branded automotive product in the United States. (Doc. 42 at 4).  By 2019, the parties had settled on a Tire Sealant Product to be sold with the Michelin brand name and designed, manufactured, and distributed from Arizona. (Doc. 42 at 4–5).  MLL gave final written approval for the product in February 2019. (Doc. 42 at 5–6).  During the product's development, GPMI had successfully negotiated with Walmart to carry and sell the product nation-wide, including in Arizona.  (Doc. 42 at 6).

Soon after receiving final approval, MLL revoked its approval of the Tire Sealant Product.  (Doc. 42 at 7).  Plaintiff alleges that MNA induced MLL to revoke its approval because MNA was "concerned that a Michelin-branded Tire Sealant Product might negatively affect MNA's tire sales . . . by creating the impression that Michelin tires were defective." (Doc. 42 at 7).  Plaintiff further alleges that MLL's revocation and subsequent logistical demands were tactics to force GPMI into a new contract more financially advantageous for MLL.  (Doc. 42 at 11).  Plaintiff also claims that because of the revoked deal GPMI lost "supplier of choice" status with Walmart, costing GPMI millions of dollars. (Doc. 42 at 13).

Plaintiff alleges that MNA knew of GPMI's relationship with Walmart and was aware that its actions had the potential to cause significant damages to GPMI.  (Doc. 42 at 13–14).  Further, Plaintiff alleges that MNA directed its interference at GPMI, which it knew to be an Arizona corporation.  (Doc. 42 at 14).  Finally, Plaintiff alleges MNA knew the effects of its interference would be felt in Arizona.  (Doc. 42 at 14)

Plaintiff filed its original complaint against MLL and MNA in February 2021. (Doc. 1).  On March 3, 2022, this Court granted Defendants' Motion to Dismiss.  (Doc. 35). Pursuant to this Court's order, MLL was terminated as a defendant pursuant to a valid-forum selection clause.  (Doc. 35 at 16).  Defendant MNA's Motion to Dismiss for Lack of Personal Jurisdiction was also granted with leave to amend.  (Doc. 35 at 16)  On August 4, 2022, Plaintiff filed its Amended Complaint against Defendant MNA with two counts:

1    Aiding and Abetting Breach of Implied Covenant of Good Faith and Fair Dealing (Count
2    III), Tortious Interference with Contractual Relations (Count IV), and Tortious Interference
3    with a Business Expectancy (Count V).[1]  (Doc. 42 at 16–20).

**DISCUSSION**

4    **I.    Legal Standard**

5        The plaintiff "bears the burden of demonstrating that jurisdiction is appropriate" in
6    a motion to dismiss.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th
7    Cir. 2004) (citing *Sher v. Johnson*, 911 F. 2d 1357, 1361 (9th Cir. 2001).  "Where, as here,
8    the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff
9    need only make a prima facie showing of jurisdictional facts.'"  *Id.* (quoting *Sher*, 911 F.2d
10   at 1361).  While the plaintiff "cannot 'simply rest on the bare allegations of its complaint,"
11   *id.* (*quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)),
12   the Court must "take as true all uncontroverted allegations in the complaint."  *Glob.*
13   *Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106
14   (9th Cir. 2020).  Allegations that are contradicted by affidavit are not assumed as true, but
15   factual disputes between affidavits are resolved in the plaintiff's favor.  *CollegeSource,*
16   *Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

17       This Court applies Arizona law in determining whether it possesses personal
18   jurisdiction over a defendant.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  "The
19   Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of
20   federal due process." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997);
21   Ariz. R. Civ. P. 4.2(a).  For the exercise of personal jurisdiction to adhere to the
22   requirements of due process, a defendant must have "minimum contacts" with the forum
23   state and exercise of jurisdiction "does not offend traditional notions of fair play and
24   substantial justice."  *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v.*
25   *Washington*, 326 U.S. 310, 316 (1945)).

---

[1] Plaintiff also included Counts I and II against terminated defendant MLL. (Doc. 42 at 14–16).  This Court already terminated this matter as against MLL and did not grant leave to amend.  (Doc. 35).  These Counts are improper and thus disregarded.

There is both general and specific personal jurisdiction.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).   General jurisdiction applies to defendants who are "essentially at home in the forum state" and means that the defendant is open to all claims brought in that state's courts, regardless of where the claims or conduct originated.  *Id.* Specific jurisdiction—by contrast—exists only if the suit arises out of or relates to the defendant's specific contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). When specific jurisdiction is the sole basis for haling an out-of-state defendant into the forum, it must "exist for each claim asserted," *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004), and each defendant. Sher, 911 F.2d at 1365.

## II.   Analysis

Plaintiff concedes that MNA is not a citizen of Arizona and does not otherwise allege or argue that MNA is subject to Arizona's general jurisdiction.   (Doc. 42 ¶ 6; Doc. 49).  As such, this Court must either have specific jurisdiction or none at all.

A non-resident is subject a court's specific jurisdiction when (1) the defendant purposefully avails itself—or directs its activities towards—the forum state, (2) the claim arises out of those forum-related activities, and (3) the exercise of that jurisdiction is reasonable.  *Glob. Commodities*, 972 F.3d at 1107 (quoting *Schwarzenegger*, 374 F.3d at 802).   While there is no rigid distinction between purposeful availment and purposeful direction, "purposeful direction is often the better approach for analyzing claims in tort" and purposeful availment better for claims in contract.  *Id.* at 1107.   Since Plaintiff is alleging tortious conduct, purposeful direction is the apt test.

### a.  Purposeful Direction

Under purposeful direction, "a defendant purposefully directed his activities at the forum state if he: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot*, 780 F.3d at 1213–14 (citations omitted).  But "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct

connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Additionally, a defendant minimum contacts must be "with the forum State itself" and not merely with its residents. *Id.* at 285. Thus, specific jurisdiction cannot be established solely by allegations that "a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (*quoting Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012), abrogated by *Walden*, 571 U.S. at 290). A greater connection to the forum state is required. *See CE Distrib., LLC v. New Sensor Corp.*, 380 F. 3d 1107, 1111–12 (9th Cir. 2004) (holding plaintiff showed sufficient facts for personal jurisdiction based on the defendant's intention to undermine plaintiff's business ventures in the forum state); *Brayton v. Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2015) (holding defendant's copied use of plaintiff's website material put it in direct competition with plaintiff, creating sufficient ties for specific jurisdiction); *see also Tresona Multimedia LLC v. Legg*, No. CV-14-02141-PHX-DGC, 2015 WL 470228, at *4 (D. Ariz. Feb. 4, 2015).

Plaintiff's Amended Complaint sufficiently alleges connections to Arizona beyond those in *Walden*. Plaintiff pleads sufficient facts indicating that Defendant inserted itself into Plaintiff's contract with MLL because "it was concerned that a Michelin-branded Tire Sealant Product might negatively affect MNA's tire sales." (Doc. 42 at 7). MNA's business is substantially based on tire sales, including sales within Arizona. (Doc. 49 at 1–2). According to Plaintiff's Amended Complaint, Defendant's actions were not merely made with the knowledge of Plaintiff's citizenship; they were purposefully directed toward shutting down an Arizona-based product that would negatively affect Michelin's national tire sales including such sales in Arizona. This is enough for Plaintiff to satisfy purposeful direction.

### b. Forum-Related Activities

After showing purposeful direction, a plaintiff must show the claim arises out of the defendant's forum-related activities. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

"In determining whether [Plaintiff's] claims arise out of [Defendant's] forum-related conduct, 'the Ninth Circuit follows the 'but for' test.'" *Id.* (*citing Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)).

Plaintiff's Amended Complaint shows a "but for" relationship between Defendant's actions and its forum-related activities.  As discussed above, Plaintiff's complaint sufficiently alleges that Defendant took intentional action directed toward Arizona out of concern of the effects that Plaintiff's Arizona-based product would have on Michelin's national tire sales including such sales in Arizona.  (Doc. 42 at 7).  Defendant's actions prevented Plaintiff from producing or selling its tire sealant, meaning it could no longer profit from its contract with MLL or perform on its contract with Walmart.  (Doc. 42 at 7-13).  This caused Plaintiff injury.  (Doc. 42 at 13–14).  This causal link is sufficient to satisfy the "but for" test, meaning Plaintiff's complaint sufficiently alleges its suit arises out of Defendant's forum related activities.

### c.  Reasonableness

Finally, it must be reasonable for this Court to exercise personal jurisdiction over Defendant.  Reasonableness is a balancing test based on seven reasonableness factors:

(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CE Distrib. LLC*, 380 F.3d at 1112 (citations omitted).

The factors in this indicate that it would be reasonable for this Court to exercise jurisdiction over Defendant.  As shown above, Plaintiff sufficiently alleges that Defendant purposefully interjected itself into not one, but two contracts performed in Arizona—the contracts with MLL and with Walmart.  (Doc. 42 at 1–2, 7–13).  Furthermore, Defendant has already defended other cases in Arizona, indicating that Defendant's burden by

- 6 -

defending another case in Arizona is not substantial enough to challenge specific jurisdiction.  (Doc. 42 at 3).  As it stands, there is no indication that Defendant's forum state has indicated an interest in this dispute, while Arizona does possess such an interest as both Plaintiff and Defendant regularly conduct business within Arizona.  (Doc. 42 at 2–3).  Next, considering that the contracts were performed in Arizona, Arizona is the most convenient and efficient forum for this case.  (Doc. 42 at 1–2, 7–13)  Finally, while Defendant's home-states of New York and South Carolina are potential alternative forums, the weight of this single factor in favor of Defendant is not enough to counter the cumulative weight of the remaining factors.  (Doc. 42 at 2).  In sum, it is reasonable for this Court to exercise specific jurisdiction over Defendant.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction (Doc. 45) is **DENIED**.

Dated this 29th day of September, 2023.

G. Murray Snow
Chief United States District Judge

- 7 -